UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 23-122 PA | Date | April 17, 2023 |
|---|---|---|---|
| Title | In Re Debtor Jamie Lynn Gallian | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Kamilla Sali-Suleyman | None | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     In Chambers - Court Order

       On January 20, 2023, appellant Jamie Lynn Gallian ("Gallian" or "Appellant"), who is appearing pro se, filed a Notice of Appeal challenging the Bankruptcy Court's Order granting the Motion for Summary Judgment filed by plaintiff Janine Jasso ("Jasso") and denying Gallian's Motion for Summary Judgment, in an adversary proceeding in which Jasso is suing Gallian (Bankruptcy Court Case No. 8:21-ap-1096 SC). On January 25, 2023, this Court issued a Notice Regarding Appeal from Bankruptcy Court. The Notice required Appellant to file the designation of record, a statement of issues on appeal, and a notice regarding the ordering of transcripts by no later than February 13, 2023 (within 14 days of filing the Notice of Appeal). The Court's Notice Regarding Appeal from Bankruptcy Court warned that: "The failure of either party to comply with time requirements as stated in this notice and applicable rules may result in the dismissal of the appeal or the right to oppose the appeal."

       Although the Bankruptcy Court's docket appears to indicate that Appellant filed a Notice of Transcript(s) Designated for an Appeal indicating that Appellant does not intend to designate any transcripts, it appears that Appellant did not file either a designation of record or a statement of issues on appeal within the deadline to do so. On March 24, 2023, the Court issued a Minute Order in which it identified Appellant's failure to file the required documents and ordered Appellant to show cause in writing why the appeal should not be dismissed for lack of prosecution. Appellant's Response to the Order to Show Cause was due on April 10, 2023, and warned that "[failure to adequately respond to this order may, without further warning, result in the dismissal of this appeal or the imposition of other sanctions." To date, Appellant has not responded to the March 24, 2023 Order to Show Cause or filed the required documents with the Bankruptcy Court despite the passage of time in which to do so.

       The Court may dismiss with prejudice an action <u>sua sponte</u> if "the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order." <u>See</u> Fed. R. Civ. P. 41(b); <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 629–30, 82 S. Ct. 1386, 1388, 8 L. Ed. 2d 734 (1962) (dismissal for failure to prosecute); <u>Yourish v. Cal. Amplifier</u>, 191 F.3d 983,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 23-122 PA | Date | April 17, 2023 |
|---|---|---|---|
| Title | In Re Debtor Jamie Lynn Gallian | | |

987–88 (9th Cir. 1999) (dismissal for failure to comply with court order). This inherent power supports the orderly and expeditious disposition of cases. See Link, 370 U.S. at 629–30, 82 S. Ct. 1386, 8 L. Ed. 2d 734; Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992); Yourish, 191 F.3d at 987–88.

In Henderson v. Duncan, the Ninth Circuit set forth five factors for a district court to consider before resorting to the penalty of dismissal: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." 779 F.2d 1421, 1423 (9th Cir. 1986). Dismissal is appropriate "where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (internal citations omitted) (citing Ferdik, 963 F.2d at 1263). Cases involving sua sponte dismissal merit special focus on the fifth Henderson factor. Id.

Here, in assessing the first Henderson factor, the public's interest in expeditious resolution of litigation will be satisfied by a dismissal. See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Yourish, 191 F.3d at 990 (public's interest in expeditious resolution of litigation always favors dismissal)). Relatedly, with respect to the second factor, the Court's need to manage its docket will be served by dismissal. See id. The third Henderson factor of prejudice to the defendant is neutral, as continued pendency of a case alone is insufficient to find prejudice. See Yourish, 191 F.3d at 991.

In considering the fourth and fifth Henderson factors, the Court notes that Appellant was warned about the consequences of failing to perfect her appeal and otherwise comply with the Court's rules by the date set in the Court's Order. Nevertheless, Appellant has taken no action whatsoever. It therefore appears that Appellant has abandoned her efforts to comply with this Court's orders and prosecute this appeal. Additionally, the Court intends to dismiss this appeal without prejudice. Accordingly, the fifth Henderson factor favors dismissal because the Court has adopted the "less-drastic" sanction of dismissal without prejudice. See McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996) (district court should first consider less drastic alternatives to dismissal with prejudice).

The Court finds that the Henderson factors weigh in favor of dismissing this appeal. Accordingly, the Court dismisses Appellant's appeal for lack of prosecution and for failure to comply with this Court's orders. See Fed. R. Civ. P. 41(b); see also Yourish, 191 F.3d at 986–88; Ferdik, 963 F.2d at 1260.

IT IS SO ORDERED.